We're looking at the second case this morning, Brown v. Brown. This court, I'm Michael Osbrook, I represent Mitchell Brown in this 2254 appeal. In Whitby State, the Indiana Supreme Court said that ineffective assistance of counsel claims almost always fail on direct appeal and the Indiana Supreme Court was quoting this court from the United States against Talbot. We think that the Indiana system is so similar to the system in this circuit that Ramirez fairly decides the question of whether Martinez should apply to Indiana. That is, if Martinez applies to 2255 cases in this circuit, it should apply to 2254 cases in Indiana. Is that a question we decide on a all or nothing basis for a state? You think? I do, Your Honor. I think the Sixth Circuit has done it for Tennessee. The Fifth Circuit just did it for Louisiana a month ago. I don't see how it's not a statewide decision. And with respect to the question of Davis petitions, we think that the case of Ron Eagle from the Ninth Circuit really accurately describes what happens in Indiana as well with Davis petitions. That is to say, Rule 32 motions in Arizona are really very much like Davis petitions in Indiana. They're just a way of accelerating post-conviction review. The appeal is suspended or dismissed and then post-conviction claims are pursued and then it all comes up at the same time and consolidated appeal as the Ninth Circuit said in Ron Eagle. That's similar to Wisconsin's procedure. Your Honor, as you said in the argument from Nashville, you have Wisconsin's procedure is complicated. I absolutely assume you don't understand Wisconsin's procedure a great deal better than I. And all I know is that my understanding of Martinez-Introvino is that it is not a question of timing of collateral review. It is whether the first chance to raise an ineffective assistance claim is on collateral review, regardless of whether it's before the direct appeal or after. Right. And on that point, Indiana law is not as strict as Texas law or Arizona law in that respect. So the narrow exception that Martinez-Introvino crafted isn't really in play here. I'm sorry. Indiana law does not strictly confine ineffective assistance of counsel claims to collateral review. It permits them to be brought on direct review. The Davis procedure sets forth a mechanism for factual development of the record. It encourages them to be deferred to collateral review proceedings. But it's not a strict requirement. Your Honor, there's no strict requirement in Texas either. And in fact, Indiana... Right, but the court said Texas makes it virtually impossible to bring an ineffective assistance claim on direct review. That virtual impossibility is not the case in Indiana, as I understand the rules. It is virtually impossible, Your Honor, because if you raise a strict claim on direct review in Indiana and there is no testimony of counsel, it is just like United States v. Flores in this court. Without the testimony of counsel, you will lose. The Indiana Court of Appeals or the Supreme Court will apply an adverse inference that if, because trial counsel did not testify... What's the point of the Davis procedure, then? The point of the Davis procedure is simply to suspend the direct appeal so that post-conviction relief may be pursued. Again, it is still post-conviction relief. It is not so that you can raise an ineffective assistance claim on direct appeal. Along those lines, if I understand the Davis procedure correctly, please correct me if I'm wrong. If a defendant pursues a Davis application, that defendant may not bring a later PCR claim of any kind, can they?  It is a post-conviction petition. Under post-conviction law, we would include new evidence, Brady, whatever. That's the same as Wisconsin. I also want to point out that I think it's very helpful from the Indiana Public Defender Council appendix. I think it's at page 13A of the appendix. Davis petitions aren't quite as rare as the ivory-hilled woodpecker, but they're very rare. In the training materials from the Indiana Public Defender Council, there is a page in which, and I believe this is from Marion County, they talk about how from 2008 to 2012, they litigated about 500 direct criminal appeals a year, and they filed four Davis petitions. Now, Trevino talks about the typical case. Four out of 2,000 is not the typical case. Mr. Espel, can I ask you about the consequences of what we're talking about here? And I realize this may be Martinez and Trevino that are causing this, but I want to make sure I understand them. If we conclude that they apply to the Indiana post-conviction process, that would mean, first, that a lack of counsel in PCR hearings could be treated as cause for failure to present an ineffective assistance of trial counsel claim in the state courts, right? That's how I understand Trevino and Martinez, right? And the result of that would be then that federal courts would wind up seeing ineffective assistance of counsels that have never been presented in the state courts. That's correct, Your Honor. And then also will not be subject to 2254D deference. I will have to admit that when I saw Trevino and when I saw Martinez and Trevino come down, my first reaction was that these create a number of extremely perverse incentives, but that's what this is. But it also is to remedy a problem that substantial ineffective assistance of counsel claims are getting, are being missed, which the Supreme Court seemed to think was important. But it frankly seems to open some enormous loopholes in 2254. I would have to say that the... It's another argument, but that is, looking at the votes in Trevino especially, I would have to say that was the intent. That would suggest that the pressure point in the analysis is on the substantiality of the claim. So how do we decide that? How do we decide substantiality? Well, the CF site, right? It is the CF site, and I know of no court that has not applied the standard for certificate of appealability. This court granted certificate of appealability, and as we argue in the paper, this panel is certainly free to decide that no certificate of appealability should have been granted on the question. But if the certificate of appealability should have been granted, then that is the substantiality if you take the standard from the CF site as the standard for the certificate of appealability. Why should the standard be the same? Why should the standard be the same? Right. I have no other thing to tether the standard to except what the Supreme Court said. But the Supreme Court didn't equate it to the CF standard. Well, I think that CF site does. It certainly suggests the equation if it doesn't actually say it. And I frankly haven't thought about what other standard should be applied. I'm just using it aloud, but one possibility might be to focus on the general equitable nature of habeas relief and use it as an escape valve, in essence, for compelling claims. Well, if you want to talk about compelling claims, I think the claim in this case is reasonably compelling. But Marion Morris' testimony was central to the state's case. Not only was it central to the state's case, the jury, during its deliberations, and this There's a long sort of court minute describing the process of proceedings. The jury asked to re-read Marion Morris' testimony and Kendra Pilton's testimony. Right. The testimony clearly was key to the case. But the ineffectiveness that you're alleging is the failure to request a limiting instruction on a few state grounds. And I don't quite understand that. Initially, the argument that you were making is that counsel was ineffective for failing to request an instruction, because with that one, there's a confrontation cause problem. But you've abandoned that argument, as I understand your allegory. So the claim that you're presenting to us is really completely new. It not only wasn't presented in the state courts, it wasn't presented in the district courts. Are you now saying that a limiting instruction was mandatory on your state grounds, if I'm understanding it correctly? No, Your Honor. And this has been a misunderstanding. The district courts are, it is because of the congruence of the limiting instructions. The argument in the district court was that the limiting instruction would have achieved the same thing as the Bruton objection. And that has kept the testimony of Mario Morris, as he related Love's story, from being considered against Dentrell. And it has always been, and the respondent below understood the argument that way, and the district court understood the argument that way. If the district court, if it had not understood the argument the way, as a question of state law, it would not have even had to get to the Martinez question because the confrontation, if the limiting instruction was based on application of the confrontation clause, the district court had already decided that the confrontation clause doesn't apply to this case. I see I'm in my rebuttal time. So how are we to construe your references to your state violation in your brief? I'm sorry? I mean, you argued that admitting the statement violated rules against your state, and that was the nature of the ineffective assistance. The argument is that Dentrell would have been, had it been asked for, would have been entitled to instruction limiting the use of Love's story as offered through Mario Mara's. Based on what? In Indiana, there are the Kearsay rules. So it is a state law issue. The question, the limiting instruction is a state law issue. The ineffective assistance of counsel, the question for not getting the limiting instruction is a federal question. Thank you. Thank you, counsel. May it please the court. This court should affirm because Indiana courts provide a meaningful opportunity to raise ineffective assistance of counsel claims in state court before and during direct appeal, as well as after direct appeal, as desired or needed by a defendant and his counsel. So as a general matter, Martinez and Trevino do not apply in Indiana cases. Brown's ineffective assistance of counsel is an all or nothing proposition. I actually don't. Why not? I think that it is situational. But as a general matter, as a general matter, Indiana's procedures would prevent a Martinez claim. But here's one situation where I think that under Trevino, regardless of if this happened, that it would be a problem. That would be when your trial and your appellate counsel are the same. That is increasingly rare in Indiana courts. The judiciary's policy of appointing new counsel for a direct appeal, but in some counties that doesn't happen. And sometimes that's what the defendant wants. But if it's a violation of the Indiana rules of professional conduct to raise your own ineffectiveness, so therefore it would be impossible for you to raise that. I think in that circumstance, that would be a situation where Martinez and Trevino would apply. It seems to me that's actually one of the situations where it's entirely designed. Could you address this question under the Davis-Hatton procedure? Do you agree that if a defendant brings a Davis-Hatton petition, that blocks the path to other post-conviction claims? That's the opportunity to bring PCR claims. It doesn't block all of them, but it is your first post-conviction. In addition, you also have to satisfy standards for success in PCRs, right? That's correct, which is not as burdensome as the federal standards. And it's granted several times a year, but yes. In fact, the most common, in our experience, in the Attorney General's Office's experience, the most common time when a successive PCR petition is authorized is when a Davis-Hatton proceeding has occurred, and now the petitioner, the defendant, the prisoner, wants to raise an ineffective assistance of appellate counsel claim, a claim that would have been impossible under a Davis-Hatton procedure. How often does this happen since Davis-Hatton petitions seem to be exceedingly rare themselves? Well, the claims that are exceedingly rare, but they happen several times a year. So the fact that petitioners choose not to avail themselves of it is not the touchstone of the tribunal analysis. And that isn't what the Supreme Court said. The Supreme Court said it's in the yellow packets. As a practical matter, if we issue a ruling in your favor, the decision that you're looking for, that this tribunal Martinez rule just categorically doesn't apply in Indiana with the possible exception of when counsel is the same. As a practical matter, what will happen is that ineffectiveness claims will be brought direct appeal, and you'll see an explosion of the use of this Davis procedure to suspend direct appeal. In other words, what will happen is that Indiana will start to look like Wisconsin more formally because Wisconsin has statutes and rules that require a consolidated counsel direct appeal, where the ineffectiveness claim is channeled to the direct appeal. And you know that a claim for ineffective assistance of counsel on direct appeal is kind of nice and all. Right? Yes, and it is race. When they say it's never race, that's not true. As a matter of fact, during the briefings of this case, the Indiana Court of Appeals found ineffective assistance of trial counsel on direct appeal. Randall Shepard decided that case. That was Todd Brown v. State. Todd Brown is in this case. Who decided that case?  And an architect of this procedure, actually, ironically enough, 2016 Westlaw 355-6267, the state did not seek transfer, so it's an unpublished decision. So a public counsel's failure to raise a strickland claim on direct appeal can be litigated in Indiana courts post-conviction? I'm sorry. I may have misunderstood your question. If the strickland claim is not raised on direct appeal, then a post-conviction proceeding can be barred by alleged ineffective assistance of appellate counsel on direct appeal for failure to bring a strickland claim against trial counsel on direct appeal. Yes. In fact, under Woods, there is a line in Woods selling that if you can raise your ineffective assistance of trial counsel claim on direct appeal, you have to. And so therefore, it would follow that in your – especially if a post-conviction court were to have found procedurally barred your ineffective assistance of trial counsel claim, then it would have to address an ineffective assistance of appellate counsel claim for not having properly raised and litigated that issue. And there are cases, of course, where you actually bring – Indiana courts want you to bring your claims in the most effective way at the earliest possible time. That's essentially the teaching in Woods. And it gives a variety of ways, whether that's relating motion to correct error, which has not been explicitly discussed, but it does exist, or a mishap in proceeding, or direct appeal, or wait to post-conviction. Okay. So in that situation, if post-conviction counsel, not counsel on the direct appeal, but post-conviction counsel neglects to raise an argument that appellate counsel neglected to bring a viable strickland claim, does that get you in the door of the Martinez-Trevino exception on the federal case? No. We don't believe so. Trevino and Martinez are aimed at situations where you have a meaningful opportunity to raise an ineffective assistance of counsel claim on direct appeal, and then provide a safety valve for federal courts to not find those procedurally defaulted inappropriate cases. But whenever the state does provide, if the state rule was, for example, you must bring all of your claims on direct appeal. Which does? That's right. Trevino and Martinez is only concerned with ineffective assistance of trial counsel claims, so you could not raise a Martinez exception, cause of prejudice, or a basis for cause of prejudice to an ineffective assistance of appellate counsel claim. Both cases explicitly talk about that, because the ineffective assistance of counsel rule is primarily limited to a trial counsel, given the RFE-CRO system, and it being the main event. I'm addressing your question. I'm sorry if I'm not correct. No. The Wisconsin rule requires a consolidated counsel direct appeal, at which both collateral issues under strickland are litigated. Okay. And there's another Wisconsin procedure that permits a claim of ineffective assistance of appellate counsel claim. Trial counsel and appellate counsel are always different. Right. And MASH didn't speak to the situation where an ineffective assistance of appellate counsel claim is raised. MASH had to do with the 60B motion, and there's a higher standard of review, so MASH did not categorically resolve the question of Wisconsin habeas martinis treatment of rules, because of its strange procedural posture. Sure. And so I'm asking the question with respect to Indiana's procedure. If Indiana allows a post-conviction motion based on ineffective assistance of appellate counsel in failing to bring a strickland claim on direct appeal, a liable strickland claim on direct appeal, if counsel on the post-conviction proceeding fails to raise that claim, does that get you into federal court? And look all the way through to trial counsel's effectiveness. I think that martinis and tribunos speak to that and make that an impossibility under current law, because the narrow section of martinis to the Coleman versus Thompson general rule only is about failing to raise ineffective assistance of trial counsel claims, not ineffective assistance of appellate counsel claims. If you've got a constitutional right to effective assistance of appellate counsel in first appeal, which you do, why wouldn't the logic of martinis and tribuno extend to a challenge to appellate counsel? I'm not saying that it couldn't. I'm saying that the Supreme Court explicitly spoke to it only wanted this rule to apply to trial counsel claims. Because of the nature of the right to counsel, that's the constitutional right to counsel at trial. That's what they're most concerned about, is raising trial counsel claims. They want to make sure I imagine, because I've seen a lot of claims that are procedurally defaulted relating to trial counsel, and not so many relating to appellate counsel. I'm not saying that it's an impossibility. I do not agree with that. I'm sorry. Not yet. That's correct. I actually did not predict tribuno to come up the way that it did, despite Justice Scalia and Justice Thomas' warnings that it would. But that is the way that it turned out. So I'm not saying that it's an impossibility. But tribuno and martinis speak, explicitly speak, only to this ascending to ineffective assistance of trial counsel claims. So if this claim before us today was structured as a claim of ineffective assistance of appellate counsel in direct appeal for failing to raise the precise stripling claim vis-a-vis trial counsel that is being asserted here, would that be viable? Right now it's structured as an ineffective assistance of post-conviction counsel. But what if it was a claim of ineffective assistance of appellate counsel? Well, then that claim would be procedurally defaulted, and there would be no exception under Coleman v. Thomas given the language in martinis. If, however, a claim of ineffective assistance of appellate counsel had been raised in state court, that would be denial on federal basis. So the safety valve of martinis only would relate to ineffective assistance of post-conviction counsel for failing to raise and ineffective assistance of trial counsel claim. Anything touching appellate counsel is not envisioned by the martinis rule as presently constituted. Mr. Creason, can I ask you to address this question of substantiality, both as a matter of the general legal standard and also let's suppose the limiting instruction had been given, had been requested and given here, what does the case against Mr. Brown look like without the love to Morris confession being missable against him? Precisely the same. The case against Brown does not change at all, depending on whether Morris' testimony related to Love's confession is admitted, because Love's confession says nothing at all about Brown's involvement in the crime. Right. As far as his interplay, right, he loves the guy who fires the shot, the fatal shot, right? I'm sorry. Love is the guy who fires the fatal shot, right? That's correct. So the right time. Sure. I think perhaps what I didn't say and I should have is that Brown is convicted under accessory liability, not as the principal. And if, of course, the argument had been that Brown was the shooter, the principal shooter, not only would he have wanted Love's confession to be entered, that would have actually potentially changed the outcome. But here the state's theory was that Brown was an accomplice and was not the principal shooter. But the statement from Love to Morris that was entered in the joint trial is what makes sense of that accessory liability claim. Actually not. What actually makes sense is that Love's statements to Morris say nothing at all. It doesn't even acknowledge that Brown was there. So it actually does infer the accessory liability. But if it's a statement about Brown, it doesn't acknowledge that there's somebody else there. Right? It's my understanding that... Well, they're two separate conversations. Right. So Brown's conversation with Morris explains what Brown did. And Brown admits to being the accomplice. And he also admits to being involved in the murders to other people unrelated to Morris. He tried to sell the guns, an accessory after the fact would apply there. It just doesn't change his case, again, on murder as an accessory at that point. They have evidence that he's an accessory before the fact. There is evidence of his own admission to multiple people unrelated to Love's conversation with Morris that he's an accessory during the fact. And then there's his actions after the fact in his braggadocio that show that he was not an accessory during but also after the fact. I'm sorry. I hate to confess my ignorance here, but we've got evidence of other confessions to other folks by Brown. Yes, that he was there for the shooting. Yes. In... I don't remember the page in the brief. I want to say page 16 or 17 in our brief. We have our record citations to that, but it's Mr. Lillikins. I believe it's his name, his testimony. Yes, Mr. Lillikins. There were two guns used, a .45 and a 9mm. And the testimony about their confessions matches up as to who used what. And both were disposing of the .45, trying to dispose of the 9mm, and obviously gave the .45. Counsel, your time has expired. I apologize. We asked you to talk. How much time? I'll give you three minutes, counsel. Thank you. First, nowhere does Whitney State say that if you can bring up an effective citizen's claim on direct appeal, you have to. Second, there are certainly cases post-Woods that say that you aren't ineffective for an out-of-town failure. You are not effective for failing to raise an effective citizen's claim on direct appeal. Texas is, in fact, stricter than Indiana. You can raise an effective citizen's claim in Texas, and if there's new evidence, you can raise it again post-conviction. In Indiana, it's raised due to cause, whatever happens. And as this case court said in Ramirez, you know, there might be cases where you can raise an effective citizen's on direct appeal. I think Judge Easterbrook in the Flores argument disagrees, saying an But the question Trudino asks is about the typical case, and the typical case is not a Davis petition. And the operation and design of Indiana's system in which the Indiana Supreme Court sits in heaven and holds the strings, it supervises the state public defender's office, and it decided Woods. And ineffective assistance claims go post-conviction relief. Even in a Davis petition, it is still post-conviction relief. It is collateral review. And again, I want to make the point, the point of Martinez and Trudino is not timing. It is, is there a way to take a second look at whoever's raising the ineffective assistance claims? To see if something was missed. If a state, and there's really a very simple heuristic device, I think, or heuristic test, not test today, but heuristic test, for whether Martinez should apply to a state. And that is, within the state system, is there a way to allege ineffective the person who raised trial ineffective assistance? That is to say, is there a way to do Martinez inside the state system? And if there isn't, then Martinez applies to that state. And Indiana, there is not a single case in which in Indiana you can't, you can't allege the state public defender or whoever's doing the post-conviction litigation ineffective. And I really think that's the, it's not in cases, it's not in literature, but this second look idea is really the underpinning of Trudino. Thank you. Thanks to both counsel. The case is taken under advisement.